UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

TONYA LINDON )
as Parent and Next Friend of )
MJL, a minor )
 )
      PLAINTIFF )
 )
v. )    Civil Action No. 5:13-cv-26-DCR
 )
 )
BAHRAM KAKAVAND, M.D. )
and KENTUCKY MEDICAL SERVICES )
FOUNDATION, INC. )
 )
      DEFENDANTS )

## NOTICE OF REMOVAL

Please take notice that defendant, Bahram Kakavand, M.D. ("Dr. Kakavand"), by counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby submits this notice of removal of the above-captioned case, which was originally filed in Fayette Circuit Court, Division 7, as Civil Action No. 12-CI-5440. In support of removal, Dr. Kakavand states as follows.

    1. On December 13, 2012, the plaintiff, Tonya Lindon as Parent and Next Friend of MJL, a minor ("Plaintiff") filed a complaint in Fayette Circuit Court (Civil Action No. 12-CI-5440) against two defendants: Dr. Kakavand; and Kentucky Medical Services Foundation, Inc. ("KMSF").

    2. Dr. Kakavand's removal of the state court action is timely. A defendant seeking removal of an action filed in state court must file notice of removal within 30 days of service of the complaint upon the defendant, provided that federal jurisdiction is apparent. *See* 28 U.S.C. § 1446(b). Dr. Kakavand was served with the summons and a copy of the complaint on December

27, 2012.  He filed an answer on January 15, 2013.  This notice of removal is being filed within 30 days of the date when Dr. Kakavand was served.

      3.      Upon information and belief, as of the filing of this notice of removal, KMSF has not been served with a copy of the Complaint.

      4.      The Fayette Circuit Court is located within the Lexington Division of the United States District Court for the Eastern District of Kentucky.  Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Fayette County, Kentucky.

      5.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Dr. Kakavand are attached as <u>Exhibit 1</u> to this Notice of Removal.

      6.      Plaintiff is a resident of Powell County, Kentucky residing at 64 Meadowbrook Drive, Stanton, Kentucky 40380.  (Complaint, p. 1 and ¶ 1.)  Upon information and belief, Plaintiff is a citizen of Kentucky.

      7.      Dr. Kakavand resides at 111 Gracie Park Drive, Herndon, Virginia 20170. (Complaint, p. 1.)  Dr. Kakavand is a citizen of Iran but a lawful permanent resident of the United States who is a resident of, and domiciled in, the Commonwealth of Virginia.  Plaintiff's complaint directed that Dr. Kakavand be served in Virginia.  (*Id.*)

      8.      In accordance with Kentucky law, Plaintiff's complaint does not demand a specific dollar amount in damages.  Rather, Plaintiff avers that the "amounts claimed herein exceed the minimal jurisdictional requirements of this Court." (Complaint, ¶ 11.)  Plaintiff seeks damages for past and future physical and mental pain and suffering, past and future medical expenses, and permanent impairment of Plaintiff's power to earn money.  (*Id.*, ¶ 9.)  Plaintiff also seeks punitive damages.  (*Id.*)

9. Despite the lack of a demand for a specific dollar amount in the complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir. 2000); *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). The preponderance of evidence standard requires only that the defendant allege facts sufficient to establish that the plaintiff would more likely than not recover more than the jurisdictional amount. *Id*. Because Kentucky practice does not permit demands for a specific sum, this notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii).

10. In this case, the amount in controversy exceeds $75,000. As Plaintiff's billing records show, Plaintiff's past medical expenses from the University of Kentucky alone are in excess of $112,000. (*See* University of Kentucky billing records, Exhibit 2.) Plaintiff also seeks damages for pain and suffering and for future medical expenses, as well as punitive damages. Moreover, Plaintiff, a minor child, alleges that he has suffered permanent impairment of the ability to earn money. By a preponderance of the evidence, Plaintiff's claim for damages is in excess of $75,000.

11. Defendant KMSF has not yet been served, but in the event it is served, the undersigned counsel will represent KMSF in this action. KMSF hereby consents through counsel to the removal of this action, without waiving any defenses and objections based on insufficiency of service of process or lack of personal jurisdiction.

12. KMSF is a Kentucky corporation. (Complaint, ¶ 3.) However, KMSF's citizenship may be disregarded for purposes of determining jurisdiction under 28 U.S.C. §

1332(a) because KMSF has been fraudulently joined. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-34 (6th Cir. 2012).

13. The Sixth Circuit has succinctly explained the standard for determining if a defendant is fraudulently joined: "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law . . .'. The relevant inquiry is whether there is 'a colorable basis for predicting that a plaintiff may recover against [a defendant].'" *Id.* at 432-33 (internal citations omitted).

14. The Sixth Circuit stated further, "When deciding a motion to remand, including fraudulent joinder allegations, we apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss. As appropriate, we may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties. The court may look to material outside the pleadings for the limited purpose of determining whether there are 'undisputed facts that negate the claim.'" *Id.* at 433 (internal citations omitted).

15. KMSF has been fraudulently joined because there is no "colorable basis" for predicting that Plaintiff could recover against KMSF under Kentucky law.

16. Plaintiff alleges that KMSF "individually and through its actual or ostensible agents, servants and employees, including but not limited to Bahram Kakavand, M.D., was negligent in the medical care it provided to [Plaintiff] and is vicariously and directly liable for the acts and omissions of those actual or ostensible agents." (Complaint, ¶ 7.)

17. The affidavit of Darrell A. Griffith, the Executive Director for business operations for KMSF, demonstrates that Plaintiff cannot recover against KMSF. (Griffith affidavit, attached as <u>Exhibit 3</u>.) KMSF does not practice medicine and has never provided medical

services. (*Id.*, ¶ 6.) KMSF does not employ UK physicians, does not pay their salaries, and does not have the authority to direct, supervise, or otherwise exercise control over the actual practice of medicine by physicians affiliated with the University of Kentucky or UK HealthCare, including Dr. Kakavand when he was at the University of Kentucky. (*Id.*, ¶¶ 3-5, 7.) Rather, KMSF provides billing and other administrative services. (*Id.*, ¶ 2.)

18. Because KMSF neither practices medicine nor employs or controls University of Kentucky physicians (including Dr. Kakavand when he was at the University), it cannot be either directly or vicariously liable for alleged medical negligence in the care and treatment of Plaintiff. *See Jenkins v. Best*, 250 S.W.3d 680 (Ky. App. 2007). As a matter of law, KMSF did not owe a duty of care to Plaintiff, so it cannot be liable to Plaintiff for negligence. *Id.* And because Dr. Kakavand was not an agent of KMSF, KMSF cannot be vicariously liable for alleged negligence by Dr. Kakavand. *See Nazar v. Branham*, 291 S.W.3d 599, 606-07 (Ky. 2009) (a party cannot be vicariously liable for the actions of another unless the other is its agent).

19. Because Plaintiffs lacks any colorable claim against KMSF, its citizenship is to be disregarded for purposes of determining this Court's jurisdiction. *Casias*, 695 F.3d at 432-34.

20. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2) because: (1) this is an action between a citizen of Kentucky (Plaintiff) and a citizen of a foreign state who is lawfully admitted for permanent residence in the United States and is domiciled in Virginia; and (2) the amount in controversy exceeds $75,000.

21. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, is being filed with the Clerk of the Fayette Circuit Court, and a copy of the same is being served upon all parties.

22.    Dr. Kakavand reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

    Respectfully submitted,

    /s/ Stephen J. Mattingly
    Bradley A. Case
    Stephen J. Mattingly
    Dinsmore & Shohl LLP
    101 South Fifth Street, Suite 2500
    Louisville, KY 40202
    Telephone: (502) 540-2300
    Facsimile: (502) 585-2207
    bradley.case@dinsmore.com
    stephen.mattingly@dinsmore.com
    *Counsel for Defendant, Bahram Kakavand, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2013, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will serve copies of the same on the following counsel of record:

Lea A. Player
Douglas H. Morris
Robyn B. Stanton
Morris & Player PLLC
1211 Herr Lane, Suite 205
Louisville, KY 40222
*Counsel for Plaintiff*

        /s/ Stephen J. Mattingly
        *Counsel for Defendant, Bahram Kakavand, M.D.*

976855v1