UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TONYA LINDON, as Parent of a Minor And Next Friend M.J.L., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 13-26-DCR |
| V. | ) ) | |
| BAHRAM KAKAVAND, M.D., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Bahram Kakavand's motion *in limine* through which he seeks exclude certain evidence he expects Plaintiff Tonya Lindon will offer during trial. [Record No. 67] For the reasons set forth below, the motion will be granted, in part, and denied, in part.

**I.**

This action arises from an invasive electrophysiology ("EP") study and catheter ablation procedure performed by Dr. Kakavand on MJL, a minor, on October 14, 2011, at the University of Kentucky Medical Center. [Record No. 67-1] Dr. Kakavand performed the ablation procedure to treat Wolff-Parkinson-White syndrome, a potentially fatal condition in which the heart has an extra electrical conduction pathway between the upper chambers and lower chambers. During this procedure, Dr. Kakavand allegedly ablated MJL's AV node, causing a "heart block" condition in which MJL's heart could no longer beat with the frequency necessary to sustain her life. As a result, a permanent pacemaker was implanted.

Plaintiff Lindon, MJL's mother, now brings this medical malpractice suit on her daughter's behalf.

Through his motion *in limine*, Dr. Kakavand seeks to exclude testimony at trial regarding: (i) a similar procedure performed by Dr. Kakavand on another patient, Mary-Katherine Jacobs; (ii) Dr. Kakavand's experience as an electrophysiologist; (iii) the scope of Dr. Kakavand's practice since leaving the University of Kentucky; (iv) Dr. Knilans' phone call to Dr. Bricker; (v) Dr. Kakavand's alleged failure to establish telephone pacemaker checks for MJL; and (vi) Dr. Kakavand's credibility or the credibility of MJL's parents. [Record No. 67]

## II.

While the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Although a party can ask the Court to make an *in limine* ruling on evidentiary matters, it is within the Court's discretion to do so. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). In fact, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994); *Gresh v. Waste Servs. of America*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) ("The district judge . . . has the sound discretion to alter or amend a previous in limine ruling at trial."). In fact, a court may "exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec., Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless this high standard is met, rulings will be deferred until trial. *Id.*

# III.

## A. The Jacobs Procedure

The defendant's motion *in limine* seeks to exclude any comment by counsel regarding the procedure and a negligence action against Dr. Kakavand by Mary-Katharine Jacobs. [Record No. 67-1, p. 3] Seven months before MJL's procedure, Jacobs allegedly suffered from a similar heart block. [Record No. 70-3, p. 2] Dr. Kakavand argues that this evidence is inadmissible under Rules 404(b) and 403 of the Federal Rules of Evidence.

In pertinent part, Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). Additionally, the Sixth Circuit has held that prior acts "are generally not considered proof of any person's likelihood to commit bad acts in the future and that such evidence should demonstrate something more than propensity" to be admissible. *United States v. Lucas*, 357 F.3d 599, 606 (6th Cir 2004). The list of permissible purposes for admitting "bad acts" evidence is not exhaustive. Fed. R. Evid. 404(b). The Sixth Circuit has noted that Rule 404(b) is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified. *United States v. Lattner*, 385 F.3d 947, 956 (6th Cir. 2004).

Lindon counters that evidence of the Jacobs procedure and malpractice claim should not be prohibited at trial, as it is involves claims which are inconsistent with Dr. Kakavand's testimony. [Record No. 70, p. 2] She suggests that, in gaining consent to MJL's procedure, Dr. Kakavand was asked whether any of his patients had experienced heart block. "Instead

of telling Mr. Lindon that only six months earlier he had caused heart block in another patient (Mary-Katherine Jacobs)," Dr. Kakavand allegedly assured the parents that he had not experienced a complication in similar procedures in the last ten years. [Id.]

Rule 608(b) of the Federal Rules of Evidence specifically prohibits a party from introducing extrinsic evidence to prove specific instances of conduct of a witness for the purpose of attacking the witness' credibility. Such evidence is, however, admissible "on cross exam if probative of the truthfulness or untruthfulness." *United States v. Graham*, 856 F.2d 756, 759 (6th Cir. 1988); Fed. R. Evid. 608(b). As the Rules prohibit "other acts" evidence for certain purposes and permit it for others, the determination of admissibility of this evidence is more appropriate addressed at trial. Accordingly, the parties should raise this objection during trial, and the Court will admissibility of the proposed evidence at the time an objection is made.

### B.    Dr. Kakavand's Experience as Electrophysiologist

Dr. Knilans' preliminary report states, "I am familiar with Dr. Kakavand's experience based upon discovery in this case and in the case involving [Mary-Katherine Jacobs], and I am of the opinion that his pediatric electrophysiology experience is minimal." [Record No. 50-1, p. 8] According to the defendant, Dr. Knilans testified that the basis for this opinion was information that he received from a pediatric cardiologist at the University of Kentucky. [Record No. 67-1, p. 9] Dr. Kakavand argues that this statement is based solely on inadmissible hearsay and is not relevant to the issues before the Court. Lindon's counter-argument, in its entirety, is that "Dr. Kakavand may dispute how many procedures it takes to make an experienced electrophysiologist; however Dr. Knilans' testimony regarding his

opinion on the experience rate necessary to be considered an experienced electrophysiologist is admissible." [Record No. 70, p. 3]

Unlike an ordinary witness, an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); Fed. R. Evid. 702, 703. Presumably, this relaxation of the usual requirement of firsthand knowledge is premised on an assumption that the expert's opinion will have a reliable basis in his knowledge and experience within his discipline. *Daubert*, 509 U.S. at 595. However, Rule 703 provides that expert opinions based on otherwise inadmissible hearsay are to be admitted only if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."

Dr. Knilans' opinion, relying on hearsay statements outside of the present litigation, is the type of testimony that the Sixth Circuit held inadmissible in *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398 (6th Cir. 2007). The testimony excluded in *Mike's Train House* was that of an expert witness regarding the opinion of a non-witness expert. *Id.* It would be unfairly prejudicial to Dr. Kakavand to allow the admission of this evidence through Dr. Knilans without giving the defendant an opportunity to cross-examine the UK pediatric cardiologist, whom the plaintiff does not intend to call as a witness. *See also Stokes v. Xerox Corp.*, 2008 WL 275672 (E.D. Michigan, Jan. 28, 2008). Moreover, as discussed below, the defendant has not put his medical experience at issue in the trial. Accordingly, Dr. Knilans will be prohibited from presenting his opinion testimony regarding Dr. Kakavand's experience.

### C. Scope of Kr. Kakavand's Practice

The defendant also seeks to exclude testimony regarding the scope of Dr. Kakavand's practice of invasive EP procedures in recent years. [Record No. 67-1, p. 11] The defendants have represented that Dr. Kakavand will not be presenting expert testimony, instead testifying "about his care and treatment of MJL," limited to "his first-hand experience with the case" – a representation which, for the purpose of this motion, the Court will presume to be accurate. [Record No. 71, p. 5]

To the extent that Dr. Kakavand will be testifying as a fact witness, no evidence of his prior procedures will be permitted. On the other hand, if Dr. Kakavand presents expert testimony on direct examination, evidence of his experience and practice would be admissible to allow the jury to properly weigh his credibility. *See Hill v. St. Onge, M.D., et al.*, 2009 WL 2833145 (S.D. Ohio, Sept. 1, 2009). Accordingly, no testimony regarding Dr. Kakavand's medical experience shall be admitted, provided that he testifies only as a fact witness. If Dr. Kakavand presents expert testimony involving an opinion on direct examination, the Court may will allow cross-examination regarding his experience and qualifications.

### D. Dr. Knilans' Call to Dr. Bricker

The defendant urges the Court to exclude evidence that, sometime more than five years ago, Dr. Knilans called Dr. Timothy Bricker (then the chair of the Department of Pediatrics for UK HealthCare) to express concerns about former patients of Dr. Kakavand's. [Record No. 67-1, p. 12] According to the defendant, evidence of the phone call is irrelevant and improper "other acts" evidence that should be excluded under Rules 404(b) and 403. Lindon submits that she does not intend to introduce evidence of the phone call at trial.

[Record No. 70, p. 4] Based upon the plaintiff's representation, the portion of the defendant's motion seeking to preclude the introduction of the phone call will be denied as moot.

### E. Failure to Establish Telephone Pacemaker Checks

During his deposition, Dr. Knilans criticized Dr. Kakavand for failing to set up telephonic pacemaker checks for MJL. However, the defendant seeks to preclude this evidence, arguing that it was not addressed in Dr. Knilans' expert report under Rule 26(a)(2)(B). Further, the defendant argues that the criticism has no probative value "because any alleged failure to set up telephonic monitoring for MJL occurred after the alleged negligence in this case and was not a factor in causing the claimed injury." [Record No. 67-1, p. 13] In response, the plaintiff contends that Dr. Knilans will testify "as [MJL's] treating physician" and "regarding MJL's future medical needs due to his pacemaker." [Record No. 70, p. 4]

A treating physician, called as a witness, may not render opinions outside the scope of their diagnosis and treatment as reflected in medical records without complying with expert opinion requirements. *Fielden v. CSX Transp. Inc.*, 482 F.3d 866, 869 (6th Cir. 2007); *Jett v. CSX Transp., Inc.*, 2009 U.S. Dist. LEXIS 28750 (E.D. Ky. Mar. 31, 2009); *Roberts v. Solideal Tire, Inc.*, 2007 U.S. Dist. LEXIS 75512 (E.D. Ky. Oct. 10, 2007). Although the plaintiff has submitted Dr. Knilans' expert report regarding the future medical treatment requirements for MJL, the report does not contain the doctor's opinion that Dr. Kakavand should have set up telephonic pacemaker checks. [Record No. 50-1] Moreover, the Court agrees with the defendant that this criticism lacks probative value; neither party suggests that the lack of telephone pacemaker checks for MJL was a factor in causing the injury.

Accordingly, Dr. Knilans will be permitted to testify regarding MJL's treatment requirements, but he will be precluded from extending this testimony outside the scope of treatment to criticism of Dr. Kakavand for allegedly failing to set up telephonic pacemaker checks.

### F. Witness Credibility

According to the defendant, Dr. Knilans suggested during his deposition that he was more inclined to believe MJL's parents than Dr. Kakavand regarding informed consent. This prompted Dr. Kakavand to move to prohibit Dr. Knilans from testifying about the weight and credibility of the defendant's testimony. [Record No. 67-1, p. 13]

The defendant's motion will be granted in part, to the extent that an expert may not testify directly regarding whether another witness is telling the truth. *Lee v. Metro. Gov't of Nashville & Davidson Cnty.,* 432 F. App'x 435, 448 (6th Cir. 2011) (Witness credibility is solely within the jury's province.) Dr. Knilans may speak to the reliability of the evidence of record, but may not offer testimony regarding his views on the credibility of the other witnesses. *See Johnson v. Baker,* 2009 U.S. Dist. LEXIS 99080 (W.D. Ky. Oct. 23, 2009) (Expert testimony regarding witness credibility is generally considered improper.). It is the job of the jury, not the parties or their experts, to assess the credibility of the witnesses at trial. Dr. Knilans will not be permitted to testify that the plaintiff's testimony should be believed over the testimony of Dr. Kakavand. Dr. Knilans will not be prohibited from explaining the basis of his own conclusions, so long as that explanation stays within the realm of his expertise.

## IV.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that:

1. Defendant Dr. Kakavand's motion *in limine* [Record No. 67] is **GRANTED**, in part, and **DENIED**, in part.

2. Unless Plaintiff Lindon obtains prior approval from the Court, the plaintiff (including her attorneys and witnesses) shall be prohibited from offering evidence at trial regarding: (i) Dr. Knilans' opinion of Dr. Kakavand's experience as an electrophysiologist; (ii) the scope of Dr. Kakavand's EP practice; (iii) Dr. Kakavand's failure to set up telephonic pacemaker checks; and (iv) Dr. Knilans' opinions regarding the credibility of other witnesses.

This 18th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge