UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TONYA LINDON, as Parent of a Minor And Next Friend M.J.L., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 13-26-DCR |
| V. | ) ) | |
| BAHRAM KAKAVAND, M.D., et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Tonya Lindon's motion *in limine* requesting this Court to exclude certain evidence she expects Defendant Bahram Kakavand to present during trial. [Record No. 68] For the reasons set forth below, the plaintiff's motion will be granted, in part, and denied, in part.

I.

As noted in other opinions filed herein, this action arises from an invasive electrophysiology ('EP") study and catheter ablation procedure performed by Dr. Kakavand on MJL, a minor, on October 14, 2011. [Record No. 67-1] Dr. Kakavand performed the ablation procedure to treat Wolff-Parkinson-White syndrome, a potentially fatal condition in which the heart has an extra electrical conduction pathway between the upper chambers and lower chambers. During this procedure, Dr. Kakavand allegedly ablated MJL's AV node, causing a "heart block" in which MJL's heart could no longer beat with the frequency

necessary to sustain her life. As a result, a permanent pacemaker was implanted. MJL's mother, Plaintiff Lindon, now brings this medical malpractice suit on her behalf.

Through the motion *in limine*, Lindon seeks to exclude at trial testimony regarding: (i) the lawsuit involving Dr. Knilans; (ii) complications experienced by Dr. Knilans; (iii) an accessory pathway in the anteroseptal area of MJL's heart; (iv) payment or reduction of MJL's medical expenses; and (v) miscellaneous matters. [Record No. 68]

## II.

Again, while the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Although a party can ask the Court to make an *in limine* ruling on evidentiary matters, it is within the Court's discretion to do so. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). In fact, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994); *Gresh v. Waste Servs. of America*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) ("The district judge . . . has the sound discretion to alter or amend a previous in limine ruling at trial."). In fact, a court may "exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds." *Indiana Ins. Co. v. Gen. Elec., Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Unless this high standard is met, rulings will be deferred until trial. *Id.*

# III.

### A. Lawsuit Involving Dr. Knilans

Lindon urges the Court to exclude evidence that Dr. Timothy Knilans, the plaintiff's medical expert, was named as a defendant in a lawsuit involving a patient with an unrelated condition. [Record No. 68-1, p. 3] The facts of that case appear to be irrelevant to the issues presented here and are likely inadmissible under Rules 404(b) and 608 of the Federal Rules of Evidence, which limit the use of evidence of "other crimes, wrongs, or acts," and "specific instances of conduct," respectively. The defendants submit that they do not intend to introduce evidence of Dr. Knilans' lawsuit at trial. [Record No. 69, p. 1] In light of this representation, the portion of the plaintiff's motion seeking to preclude this evidence will be denied as moot.

### B. Complications Experienced by Dr. Knilans

Dr. Knilans conceded during his deposition that he has caused an AV block in patients on two occasions. [Record No. 69-2, pp. 2-3] Lindon argues that this evidence is inadmissible at trial, claiming that the procedures performed by Dr. Knilans are not comparable to the procedure performed on MJL and, therefore, are not relevant. Dr. Kakavand contends that the evidence is admissible to show that the complications in MJL's case may occur in the absence of negligence and do not indicate a breach of the standard of care. [Record No. 69, p. 2] Moreover, Dr. Kakavand contends that evidence of Dr. Knilans' experience with the complication is relevant to the credibility of his testimony that Dr. Kakavand fell below the standard of care by causing an AV block. [*Id.*]

Rule 608(b) of the Federal Rules of Evidence specifically prohibits a party from introducing extrinsic evidence to prove specific instances of conduct of a witness for the purpose of attacking the witness' credibility. Such evidence is, however, admissible "on cross exam if probative of the truthfulness or untruthfulness." *United States v. Graham*, 856 F.2d 756, 759 (6th Cir. 1988), *cert denied*, 489 U.S. 1022 (1989); Fed. R. Evid. 608(b).

Standing alone, Dr. Knilans' prior AV block complications may be inadmissible; however, the Court can anticipate circumstances in which a proper foundation could be established under Rule 608(b) to allow Dr. Kakavand to provide some form of the evidence at trial. To the extent the defendant intends to use the previous procedures to attack Dr. Knilans' credibility, the evidence will be excluded. Nonetheless, the Court recognizes the "practical difficulty in ruling on such motions [in] the absence of context that comes when the challenged evidence is presented with the other proofs at trial." *Figgins v. Advance America Cash Advance Ctrs.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007).

In short, the plaintiff has failed to show that there is no set of circumstances under which Dr. Kakavand may present evidence of Dr. Knilans' prior AV block complications during trial. Rather than decide the issue in a vacuum, the Court will defer ruling until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in light of all relevant facts.

**C.     Accessory Pathway in the Anteroseptal Area of MJL's Heart**

Lindon moves to exclude Dr. Kakavand's testimony that there may have been an accessory pathway near MJL's AV node. [Record No. 68-1, pp. 4-6] Dr. Kakavand originally testified that he did not place lesions in the anteroseptal area of MJL's heart,

stating that there was no suggestion of a pathway in that area. [Record No. 68-4, pp. 12-13] The defendant has since retained a medical expert, Dr. George Van Hare, in pediatric electrophysiology. [Record No. 69, p. 3] Dr. Van Hare stated in his report that he believed that it was very likely that there existed an accessory pathway into the anteroseptal area of MJL's heart. Further, the plaintiff was given the opportunity to depose him. Thus, it should come as no surprise to Lindon that the defendant anticipates presenting evidence of the purported pathway at trial. Nevertheless, the plaintiff contends that *Dr. Kakavand* should be precluded from testifying regarding the existence of such a pathway, contrary to his prior testimony.[1] However, Lindon does not point to any authority in support of this contention.

Although Dr. Kakavand's testimony is inconsistent with the position he took previously, he is not precluded from offering such testimony during trial. In fact, the Federal Rules of Evidence anticipate the need to highlight such inconsistencies and provide a variety of avenues for the admission of impeachment evidence. *See, i.e.,* Fed. R. Evid. 613, 801(d)(1), and 801(d)(2). Therefore, Lindon's request to preclude Dr. Kakavand from contradicting his previous testimony will be denied.

### D. Payment of Medical Expenses by Collateral Source

Relying on *O'Bryan v. Hedgespeth*, Lindon argues that all evidence of collateral source payments is inadmissible and should be excluded. 892 S.W.2d 571, (Ky. 1995) ("Collateral source benefits . . . have no bearing on the plaintiff's right to recover damages."). Because the collateral source rule is a substantive rule of law, federal courts

---

[1] The plaintiff concedes that, in light of Dr. Van Hare's testimony, "this will be a matter of dispute between the parties' experts." [Record No. 72, p. 4] Accordingly, Lindon moves only to exclude Dr. Kakavand's – not Dr. Van Hare's – testimony regarding the possible pathway.

look to state law to address its application. *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994). Kentucky's collateral source rule prohibits Defendant Kakavand from introducing evidence or arguing that any damages awarded should be offset or reduced by amounts the plaintiff received from collateral sources. *O'Bryan*, 892 S.W.2d at 571.

Dr. Kakavand acknowledges the rule against collateral source evidence, but wishes to preserve an objection "because there is a good-faith argument for the modification or reversal of the law on the issue." [Record No. 69, p. 4] Additionally, Dr. Kakavand reserves the right to introduce evidence of collateral source benefits if the plaintiff opens the door for such evidence by giving the impression that she is unable to afford medical treatment. While noting the defendant's objections, the Court will grant Lindon's request to preclude this evidence.

### E. Miscellaneous Exclusions

There are a number of other matters that the parties agree should be excluded from trial. The Court will grant the plaintiff's motion with respect to these items. Accordingly, any negative or disparaging remarks about attorneys and the legal profession will be excluded. [Record No. 68-1, p. 8] Additionally, the parties shall be precluded from referring to the financial implications of a verdict against Dr. Kakavand. [*Id.*]

### IV.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** as follows:

1. The plaintiff's motion *in limine* [Record No. 68] is **GRANTED**, in part, and **DENIED**, in part.

2.  Unless he obtains prior approval from the Court, the defendant, including attorneys and witnesses, shall be prohibited from offering evidence of any of the following: (i) the prior lawsuit against Dr. Timothy Knilans; (ii) sources of collateral payment; (iii) disparaging remarks about attorneys or the legal profession; and (iv) the financial implications of a verdict against Dr. Kakavand.

This 18th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge